UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANGELINA POVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )CAUSE NO: | |
| | ) | |
| CITY OF JEFFERSONVILLE, | ) | **4:09**-cv- **161RLY**-WGH |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      This is an employment discrimination action brought by Plaintiff, Angelina Povey ("Povey") against Defendant, City of Jeffersonville ("Defendant") for unlawfully violating her rights as protected by the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 et seq.

### II. PARTIES

2.      At all times relevant to this action, Povey resided in Clark County in the State of Indiana and within the geographic boundaries of the Southern District of Indiana.

3.      Defendant is a governmental entity that maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343 and 42 U.S.C. § 12117.

5.      Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

6.      Povey is an "employee" within the meaning of 42 U.S.C. § 12111(4).

7.     Povey has a "disability" and/or Defendant regarded her as having a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8.     Povey is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8).

9.     Povey satisfied her obligation to exhaust his administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her disability.  Povey received the appropriate Notice of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

10.    All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11.    Povey was hired by Defendant on or about November 19, 2006 as an Adoption Assistant.

12.    Povey reported to Harry Wilder and, at all times relevant, Povey met or exceeded Defendant's legitimate performance expectations.

13.    Povey suffered a severe injury to her wrist at work in October 2007.  Her injury left her ability to use her wrist significantly and permanently impaired.

14.    Defendant had knowledge of Povey's disability, including Povey's supervisor, Wilder, and her co-workers. Povey's wrist injury occurred at the workplace.

15.    As a result of her disability, Povey required an accommodation to perform the essential functions of her position.  Specifically, she was unable to perform certain tasks that

were considered "two-handed" jobs without assistance from other employees. Defendant accommodated Povey's disability upon her return to work in October 2007.

16.     Povey's co-workers resented her accommodation and began subjecting Povey to severe and pervasive harassment because of her disability and need for an accommodation. Specifically, Louis Hancock, Kennel Master, routinely berated, insulted and embarrassed Povey in front of co-workers and customers because of her disability and need for an accommodation.

17.     On or about May 12, 2008, Povey engaged in protected activity when she complained about the aforementioned disability based harassment to Defendant's Human Resources Representative, Kim Calabro.   Defendant conducted an investigation that confirmed that Povey had been harassed by Hancock as a result of her medical condition and need for an accommodation. As a result of the investigation, Defendant instructed Povey and Hancock to stay away from each other; specifically instructing them not to be in the same room together.

18.     While informing Povey of the new policy generated as a result of her complaint of her harassment, Wilder, her supervisor, specifically told Povey that if he found her in violation of the policy, she would be terminated. Wilder's threat was intended to intimidate Povey as retaliation for her having engaged in protected activity. Furthermore, his threat would have chilling effect on Povey's and other's willingness to engage in protected activity in the future.

19.     After the May 2008 investigation, the harassment did not stop; rather, it continued unabated. In fact, Povey began to be harassed by other employees as well. Near the end of July 2008, Povey engaged in protected activity by reporting the harassment to the EEOC.

20.     On August 8, 2008, Povey reported that she was still being harassed and had filed a complaint with the EEOC to Defendant's Human Resource Representative, Kim Calabro.

-3-

21.     Then, without explanation, Defendant suspended Povey from employment on August 22, 2008. Povey was informed of the decision to suspend her employment by Defendant's attorney, Larry Wilder.

22.     On or about August 26, 2008, by letter, Larry Wilder informed Povey that her employment had been terminated.

23.     When Povey inquired into the reason for her termination from employment, Calabro informed Povey that she would have to speak with Larry Wilder, Defendant's attorney. Povey contacted Larry Wilder several times to ascertain the reason that her employment had been terminated; however, Larry Wilder failed to return her contacts.

24.     Finally, on August 29, 2008, Povey went to Larry Wilder's office to find out why she had been terminated. Larry Wilder told Povey only that her termination letter speaks for itself; however, the termination letter does not state a reason for her termination from employment.

## V.  CAUSES FOR ACTION

### COUNT I: DISABILITY DISCRIMINATION

25.     Povey hereby incorporates paragraphs one (1) through twenty-four (24) of her complaint as if the same were set forth at length herein.

26.     Defendant discriminated against Povey based on her disability or its perception of her disability.

27.     Defendant's intentional and willful actions were taken in reckless disregard for Povey's rights as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4).

28.     Povey has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

29.     Povey hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30.     Defendant failed to engage in the interactive process mandated by the ADA.

31.     Defendant failed to provide a reasonable accommodation for Povey's disability.

32.     Defendant's actions were intentional, willful and in reckless disregard of Povey's rights as protected by the ADA.

33.     Povey has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION

34.     Povey hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

35.     Povey engaged in protected activity when she reported that she believed that she was being discriminated against based on her disability.

36.     Defendant terminated Povey's employment in retaliation for her engaging in the above reference protected activity.

37.     Defendant's actions were intentional, willful and in reckless disregard of Povey's rights as protected by the ADA.

38.     Povey has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angelina Povey, by counsel, respectfully requests that this Court enter judgment in his favor and award her the following relief:

1.       Reinstate Povey to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Povey of front pay in lieu thereof;

2.       Payment to Povey of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3.       Payment to Povey of compensatory damages for Defendant's violations of the ADA;

4.       Payment to Povey of punitive damages for Defendant's violation of the ADA;

5.       Payment to Povey of pre- and post-judgment interest;

6.       Payment to Povey of all costs and attorney fees incurred in litigating this action; and

7.       Provide to Povey any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

BIESECKER & DUTKANYCH

By:

Andrew Dutkanych III,
411 Main Street
Evansville, Indiana 47708
Telephone:     (812) 424-1000
Facsimile:     (812) 424-1005
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Angelina Povey*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Angelina Povey, by counsel, respectfully requests a jury trial for all issues

deemed triable.

Respectfully submitted,

BIESECKER & DUTKANYCH

By: _____
Andrew Dutkanych III,
411 Main Street
Evansville, Indiana 47708
Telephone:     (812) 424-1000
Facsimile:     (812) 424-1005
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Angelina Povey*